[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was instituted by the plaintiff, William F. Buonocore against the defendant, Marion G. Buonocore seeking a dissolution of the parties' marriage. It is undisputed that the marriage has broken down irretrievably. The core of the controversy concerns alimony, the division of the marital property and the amount of child support.
At the beginning of the hearing counsel for the defendant informed the court of unresolved pendente lite contempt motions, and the court, as requested by the defendant, and to expedite time, combined the hearing on the unresolved pendente lite motions with the dissolution hearing.
The evidence indicates and the court finds that the parties married in Waterbury, Connecticut on September 17, 1976, and each party has lived continuously in Connecticut for at least one year prior to the institution of this action or next preceding the date of this decree. The statutory stay has expired and neither party is receiving any public assistance.
There are two minor children, issue of the marriage, namely, Erica Buonocore, born February 1, 1978, and Stephanie Buonocore, born April 26, 1981. There is no action pending concerning the custody of the children.
PENDENTE LITE CONTEMPT MOTIONS CT Page 5631
On October 28, 1991, the parties agreed that the plaintiff would pay the defendant as child support for the minor children the amount of $200 per week, and also, the plaintiff agreed to pay the first and second mortgage indebtedness on the family home and certain tax obligations, pendente lite.
On July 6, 1992, this court (Barnett, J.) entered orders requiring the plaintiff to pay, inter alia, $100 per week to the defendant as alimony pendente lite, as well as all of the doctor's bills for the defendant and the minor children.
On November 9, 1992, the plaintiff was adjudged to be in contempt by this court (Kulawiz, J.), at which time this court found and ordered:
1. That the child support arrearage owed by the plaintiff to the defendant was $1,085.25;
2. That the alimony arrearage owed by the plaintiff to the defendant was $1,800;
3. That the arrearages were to be paid as follows;
 a) the $1,085.25 child support arrearage ordered to be paid within one week of receipt of his (plaintiff's) Christmas bonus;
 b) the alimony arrearage to be paid at the rate of $25 per week;
4. That the plaintiff was to pay the defendant the sum of $250 in attorney's fees in connection with the defendant's contempt motion, to be paid at the rate of $10 per week.
Immediate wage execution was ordered to issue against the plaintiff.
On December 14, 1992, this court (Barnett, J.) entered orders approving of the parties' written Stipulation Agreement of that date, which provided, inter alia, as follows:
1. That the plaintiff, retroactive to December 1, 1992, pay $332.69 weekly child support and $90 weekly alimony, pendente lite; CT Page 5632
2. That the plaintiff pay to the defendant the sum of $1,085.25 child support arrearage on or before December 15, 1992;
3. That the plaintiff, retroactive to December 1, 1992, pay $12.50 per week on the alimony arrearage and $5 per week on the attorney's fees obligation until paid in full;
4. That the plaintiff's payments under paragraphs 1 and 3 above be made to the defendant on or before the 18th of each month, for that month's obligations; and
5. That the plaintiff be responsible thereafter for one-half of the unreimbursed medical expenses for the minor children, and all of the then currently outstanding unreimbursed medical expenses for the minor children.
On December 21, 1992, the defendant filed a motion for contempt in respect to the defendant's claim that the plaintiff had failed to comply with this court's order dated December 14, 1992. The hearing on this motion was combined with the parties' dissolution hearing. At the conclusion of the hearing the court ordered post trial briefs. Although the plaintiff filed a brief and a proposal for settlement of the dissolution matter, he elected not to brief the defendant's claim of contempt for violation of the stipulated pendente lite order dated December 14, 1992.
The plaintiff's agreement and pendente lite orders against him on November 9, 1992, indicates that he had agreed to pay child support in the amount of $200 per week and he had been ordered to pay alimony in the amount of $100 per week. On November 9, 1992, the child support arrearage was $1,085.25. The plaintiff was ordered to pay that amount within one week of November 9, 1992. The weekly support order continued at $200 per week until December 1, 1992. Thus, the total child support due the defendant from November 9, 1992 to December 1, 1992, was $1,085.25 plus three weeks at $200 per week, or $600, for a total of $1,685.25.
The existing alimony order against the plaintiff on November 9, 1992, required the plaintiff to pay the defendant $100 per week. At that time the alimony arrearage was $1,800. He was ordered to pay $25 per week on the arrearage. Current alimony of $100 per week plus $25 per week on the arrearage, makes a total of $125 per week alimony for three weeks, or $375. CT Page 5633
Additionally, the plaintiff, on November 9, 1992, was ordered to pay attorney's fees in the amount of $250, at the rate of $10 per week, or $30 for three weeks.
For the period from November 9, 1992 until December 1, 1992, the total amount that the plaintiff was obligated to pay the defendant for child support, $1,685.25, alimony, $375, and attorney's fees, $30, was $2,090.25.
Defendant's Exhibit #3 is a bank treasurer's check, dated November 16, 1992, in the amount of $1,464, is made payable to the defendant, and is offered to show the amount paid by the plaintiff during the period of November 9, 1992 to December 1, 1992. Thus, the evidence indicates that the plaintiff has failed to comply with the November 9, 1992 and the December 14, 1992 orders of this court by the amount of $626.25.
On November 16, 1992, when the plaintiff paid the $1,464, he included a note with the check. In the note the plaintiff allocated the $1,464 as follows: four weeks from November 1, 1992 to November 22, 1992, support $864; alimony $400; alimony arrearage $100; and counsel fees $100. Accepting the plaintiff's allocation of the $1,464 check, he still failed to pay the $1,085.25 support arrearage as ordered. The allocated $864 applied to the support arrearage order of $1,085.25 leaves a balance of $221.25. Notwithstanding the plaintiff's attempted allocation of the $1,464 check, his allocation is incorrect because the court, on November 9, 1992, made specific findings and orders. The findings and orders of the court made on November 9, 1992, are as above indicated.
Moreover, if the $1,464 check is applied further as allocated by the plaintiff for the four weeks noted by the plaintiff, the plaintiff would have paid for each week noted, a support excess of $16, or for the four weeks an excess of $64 that could be applied to a $1,085.25 obligation ordered paid within one week of November 9, 1992. Anyway that the $1,464 check is applied the plaintiff has failed to comply with the November 9, 1992 and the December 14, 1992 orders of the court. Accordingly, since all of the evidence indicates that the plaintiff's employment was not discontinued, and he was able to comply with the November 9, 1992 and December 14, 1992 orders of the court, he is hereby found to be in contempt of court. CT Page 5634
DISSOLUTION ORDERS
The evidence indicates that at the conclusion of the hearing on January 29, 1993, that the defendant had received payment from the plaintiff since November 1, 1992 through January 29, 1993, as follows:
1. check dated November 16, 1992 $1,464.00
2. check dated December 23, 1992 2,284.46
3. check dated January 28, 1993 1,660.86
$5,409.32
The defendant's brief filed April 13, 1993, indicated that the plaintiff had made two additional payments. A check dated February 20, 1993, for $1,690.76 and a check dated March 30, 1993 for $1,690.76. Thus, for the period from November 1, 1992 through March 30, 1993, the plaintiff has paid the defendant a grand total of $8,790.84.
On November 9, 1992, the plaintiff owed $1,800 in alimony and $1,085.25 in support. The support order against the plaintiff from November 9, 1992 to December 1, 1992 was $200 per week, three weeks, or $600. From December 1, 1992 to March 30, 1993 the support order was $332.69 per week for 18 weeks, or $5,988.42, making the current support obligation from November 9, 1992 to March 30, 1993, a total of $6,588.42, plus an arrearage of $1,085.25, on a current and arrearage support obligation of $7,673.67.
On November 9, 1992, the plaintiff had an alimony arrearage of $1,800. The existing order required him to pay $100 per week current alimony and $25 per week on the arrearage. For three weeks, November 9, 1992 to December 1, 1992, the plaintiff was ordered to pay $25 per week on his alimony arrearage, or a current and arrearage alimony payment total of $125.00 for three weeks, or $375.00.
On December 14, 1992, this court ordered, retroactive to December 1, 1992 that the plaintiff's current alimony payment be reduced to $90 per week and his alimony arrearage payment was reduced to $12.50 per week, or a total current and arrearage alimony payment of $102.50 per week. For the period from December CT Page 5635 1, 1992 to March 30, 1993 the plaintiff was obliged to pay $102.50 per week, current and arrearage alimony payments for 18 weeks or a total of $1,845.00 plus a current and arrearage alimony from November 9, 1992 to December 1, 1992, for a total of $2,220.00.
On November 9, 1992 the plaintiff was ordered to pay attorney's fees in the amount of $250.00, at the rate of $10 per week. This order was modified and payment reduced on December 14, 1992, to $5 per week. For attorney's fees the plaintiff was obliged to pay $30 for the period from November 9, 1992 to December 1, 1992. Thereafter, from December 1, 1992 to March 30, 1993, 18 weeks, the plaintiff was obliged to pay $90 in attorney's fees, or for the period from November 9, 1992 to March 30, 1993, the plaintiff was obliged to pay $120 in attorney's fees.
For the period from November 9, 1992 to March 30, 1993, the plaintiff was ordered to pay current and arrearage support in the amount of $7,673.67, current and arrearage alimony in the amount of $2,220.00, plus counsel fees in the amount of $120, for a total support, alimony and counsel fees of $10,013.67. The total amount paid by the plaintiff during the period from November 1, 1992 to March 30, 1993, is $8,790.84. For the period from November 9, 1992 to March 30, 1993, the plaintiff owes the defendant $1,222.83.
The court is not disregarding the earlier finding that the plaintiff is in contempt based on his failure to timely comply with his pendente lite obligations, however in determining the amount due the defendant for the period from November 9, 1992 to March 30, 1993, $10,013.67, as compared with the amount paid during this same period, $8,790.84, it is clear that the amount due the defendant from the plaintiff is $1,222.83 for the period from November 9, 1992 to March 30, 1993. This amount will be adjusted in the defendant's favor in the assignment of the marital property.
The evidence indicates that the parties married in Waterbury on September 17, 1976. The parties have two minor children, girls, issue of the marriage. Erica, born February 1, 1978, is now 15 years old, and Stephanie, born April 26, 1981, is now 12 years old. The husband and the wife, each is 38 years of age, and each is in good health.
The plaintiff, husband, has an Associate's Degree from Mattatuck Community College, which he received in 1982. In 1990 CT Page 5636 he began taking courses towards a degree in Civil Engineering at the University of New Haven. These courses were paid for by his employer. The plaintiff is currently employed by Boehringer-Ingelheim Pharmaceutical, Inc., where his salary is approximately $55,000.00 per year. He also receives regular bonuses which have exceeded $2,000.00 per year for the past several years.
The defendant, wife, received an Associate's Degree as a dietary technician from South Central Community College in 1976 and was employed by Waterbury Hospital at $2.25 hourly wage rate until shortly before becoming pregnant with the couple's first child. She has no continuing education or vocational training and is currently employed, part time, as a secretarial aide, at Our Lady of Mount Carmel School. She earns approximately $3,700.00 annually. The parties had agreed that the defendant would attempt to resume full employment when the oldest child reached high school age, in order to help meet the expenses of her secondary education. The defendant has been unsuccessful in obtaining a full time position and still adjusts her daily schedule as required to meet the children's needs. Unlike the plaintiff, in her employment she does not have any medical insurance, training or educational benefits.
The parties' marriage began to deteriorate around 1990. Thereafter the parties unsuccessfully tried therapy with a priest and a marriage counselor. After 15 years of marriage, in early 1991 the plaintiff moved out of the marital home, and in the summer of 1991 he filed for a divorce. The plaintiff developed a friendship with a female co-worker. This lady was going through her own divorce. The plaintiff and this lady shared common experiences and work related incidents. After the plaintiff's co-worker's divorce, the plaintiff moved into her home and at the time of the dissolution hearing, the plaintiff and his co-worker shared a common residence. Based on the evidence, the court finds that the behavior of the plaintiff was the principal cause for the irretrievable breakdown of the marriage, and because of the plaintiff's behavior with his female co-worker, there is no reasonable basis for any belief of the parties' reconciliation.
All of the evidence indicates that all of the marital assets, in the individual or joint names of the parties, were acquired by the joint contributions of the plaintiff and the defendant. After considering all of the provisions of General Statutes Sections46b-81 and 46b-82, the following orders are issued: CT Page 5637
1. A dissolution of the marriage is ordered on the grounds that the marriage has irretrievably broken down and there is no reasonable grounds for a belief that the parties will ever reconcile their differences.
2. The defendant shall have custody of the minor children. The plaintiff shall have reasonable, flexible and liberal rights of visitation with the children. Each parent shall encourage respect, love and affection of each child with the other parent.
3. The plaintiff shall pay weekly child support to the defendant in accordance with the State of Connecticut Guidelines, now determined to be $332.69, per week.
4. The plaintiff receives an annual Christmas bonus from his employment and the children now attend private elementary and secondary schools. In order to continue the children's education as presently provided, the defendant will need additional financial assistance. The plaintiff is ordered to give the defendant forty four (44%) percent of his gross bonus received from his employment, to be paid by annual wage execution, and used by the defendant for the children's educational expenses. This educational expense is to be paid by the plaintiff to the defendant as long as the children are in a private educational school and until the youngest child reaches her eighteenth (18) birthday.
5. For the period from November 9, 1992 to March 30, 1993, the plaintiff owes the defendant $1,222.83. This amount has been determined as above computed on the basis of the plaintiff's failure to comply with the pendente lite orders of this court. This amount must be paid by the plaintiff to the defendant within 60 days of the date of this judgment. In paying this amount, $1,222.83, the plaintiff's support payments will be current as of March 30, 1993.
6. As of December 1, 1992, the plaintiff's alimony arrearage was $1,800. He was obligated to pay $25 per week for three weeks, from November 9, 1992 to December 1, 1992, or $75. Then he was obligated to pay $12.50 per week for 18 weeks, December 1, 1992 to March 30, 1993, or $225, or a total of $300 from November 9, 1992 to March 30, 1993. Thus, $1,800 less $300, leaves the plaintiff owing the defendant $1,500 in alimony arrearage as of March 30, 1993. CT Page 5638
The alimony arrearage order may continue at $12.50 per week.
7. Because of the dissolution of the marriage, the defendant will be obliged to seek substantial, full time employment. The oldest child will be 18 years old and the youngest child will be 15 years of age in approximately three years. Accordingly, the plaintiff is ordered to pay the defendant periodic nonmodifiable alimony until March 30, 1996, in the amount of $90 per week.
8. As of March 30, 1993, the plaintiff was obliged to pay the defendant $120 on a counsel fees order of $250, leaving a balance due as of March 30, 1993, of $130. Considering the fact that the plaintiff has been ordered to pay $250 in counsel fees, he is hereby ordered to pay an additional $1,750 in counsel fees, for a total counsel fees order of $2,000. Since he owes $130 as of March 30, 1993, the additional $1,750 makes a total amount of $1,880 due in counsel fees.
9. The plaintiff pendente lite balance due is as above indicated, $1,222.83, this amount, plus $1,880 in counsel fees, a total of $3,102.83, is ordered paid by the plaintiff to the defendant within 60 days of the date of this judgment.
10. Considering all of the factors set forth in General statutes 46b-81, assignment of property and transfer of title, it is ordered as lump sum alimony that the plaintiff within 60 days of this judgment transfer to the defendant all of his right, title and interest in and to the family residence known as 195 Anna Avenue, Waterbury, Connecticut, subject only to the existing first mortgage which encumbers said property with CHFA/Veteran's mortgage in the approximate amount of $18,270.00; that the first mortgage be made current by the plaintiff as of the date of transfer; and that the defendant thereafter save the plaintiff harmless from any further liability with regard to said property.
11. That contemporaneous with the transfer of the plaintiff's interest in the family home to the defendant, the plaintiff is also ordered to assume responsibility and liability for all payments for and save the defendant harmless from any liability as regards the home equity loan with American Bank, Waterbury, Connecticut, which equity loan presently encumbers said family home in the approximate amount of $8,000; that said equity loan be made current by the plaintiff as of the date of transfer of the family home from the plaintiff to the defendant, and that the CT Page 5639 equity loan kept current; that no additional encumbrance be added in respect of said home equity loan by either party; that the plaintiff conscientiously in good faith seek to refinance the amount of the loan and remove the same as an encumbrance on the family home, or pay off the loan not later than six months from the date of this judgment.
12. The plaintiff is ordered to transfer to the defendant immediately one-half of his retirement savings account, estimated to be $20,000; therefore, the transfer amount is approximately $10,000.00. A Qualified Domestic Relations Order may issue provided the plaintiff fails to immediately comply with this order.
13. The plaintiff may retain his pension without sharing it with the defendant.
14. The plaintiff shall provide Blue Cross, Blue Shield, CMS or their equivalent for the minor children, and he shall pay one-half of all unreimbursed medical, surgical, hospital, optical, psychiatric, psychological and nursing expenses and half of the unreimbursed costs of prescription drugs, and dental and orthodontia expenses of the minor children.
15. The plaintiff shall provide Blue Shield, Blue Cross, CMS or their equivalent for the defendant for a period of six months, providing her with time to obtain her own medical insurance.
16. The plaintiff shall maintain his present life insurance coverage, represented to be Metropolitan Life Insurance Company, in the face amount of $25,000.00. The plaintiff shall immediately designate the defendant as beneficiary and his children as contingent beneficiaries for the three years that he is obligated to pay alimony to the defendant. Thereafter, as long as he is obligated to support the children, the children are to be designated beneficiaries. The plaintiff shall provide the defendant with appropriate documentation to support compliance with this order.
17. The plaintiff is ordered to transfer to the defendant all of his right, title and interest in and to the 1987 Toyota Corolla and the defendant is ordered to transfer to the plaintiff all of her right, title and interest in and to the 1990 Buick Century. The plaintiff is to retain title to the 1956 Cadillac, and he is to remove the same from the family home immediately. CT Page 5640
18. The furniture, furnishings, and household contents located and contained in the family home are all awarded to the defendant.
19. Regarding personal income tax exemptions for the minor children, the plaintiff may claim the youngest child and the defendant may claim the oldest child commencing with 1993.
20. The plaintiff and the defendant, on an annual basis, are to provide to each other copies of his and her W2's, 1099's and State and Federal Tax Returns.
21. Each party, the plaintiff and the defendant, is liable and responsible for the liabilities shown on their individual financial affidavits filed January 28, 1993.
Judgment accordingly.
ROBERT D. GLASS, STR